# TROY BANK *v.* G. A. WHITEHEAD & COMPANY (INCORPORATED).

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF KENTUCKY.

No. 566.  Submitted October 9, 1911.—Decided November 6, 1911.

When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential. that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

The Circuit Court has jurisdiction of a suit brought by several plaintiffs to enforce a vendor's lien equally securing notes aggregating more than $2,000 held by them and which neither can enforce in the absence of the other, even though the claim of each plaintiff is less than $2,000.

184 Fed. Rep. 932, reversed.

THE facts, which involve the question of whether the sum or value of the matter in dispute was sufficient to give the Circuit Court jurisdiction, are stated in the opinion.

*Mr. George W. Jolly* and *Mr. B. F. Huffman* for the appellants.

*Mr. Ben D. Ringo* for the appellees.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a suit in equity wherein the jurisdiction of the Circuit Court was invoked on the ground of diverse citizenship, and the sole question now presented for decision

is whether the sum or value of the matter in dispute exceeded two thousand dollars, exclusive of interest and costs, as required by the act of August 13, 1888, c. 866, § 1, 25 Stat. 433. The facts are these:

Upon a sale of land situate in the western district of Kentucky, the vendor lawfully reserved a vendor's lien for the unpaid portion of the purchase price, for which he took two promissory notes of $1,200 each, payable in one and two years. Shortly thereafter the notes were assigned to the present appellants, one to each; and by the law of Kentucky the vendor's lien passed to the assignees, as a common security for the payment of both notes, without any priority of right in either assignee. After the maturity of the notes, both remaining wholly unpaid, the assignees jointly brought this suit to enforce the vendor's lien. They and their assignor were citizens of Indiana, and the defendant, who acquired the land with notice of the lien, was a citizen of Kentucky.

By a demurrer to the bill the defendant challenged the jurisdiction of the Circuit Court, upon the ground that the matter in dispute was not of the requisite jurisdictional value; and the court, being of opinion that such value was not to be measured by the extent to which the plaintiffs collectively were seeking to enforce the lien as a common security, but by the extent to which each was interested in its enforcement, sustained the demurrer and dismissed the bill for want of jurisdiction. 184 Fed. Rep. 932. The plaintiffs then appealed directly to this court, and the Circuit Court appropriately certified the question of jurisdiction. Act of March 3, 1891, c. 517, § 5, 26 Stat. 826.

When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which

they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.   *Shields* v. *Thomas*, 17 How. 3; *Rodd* v. *Heartt*, 17 Wall. 354; *Davies* v. *Corbin*, 112 U. S. 36, 40; *Gibson* v. *Shufeldt*, 122 U. S. 27; *New Orleans Pacific Railway Co.* v. *Parker*, 143 U. S. 42; *Walter* v. *Northeastern Railroad Co.*, 147 U. S. 370, 373; *Davis* v. *Schwartz*, 155 U. S. 631, 647; *Illinois Central Railroad Co.* v. *Adams*, 180 U. S. 28.

The present suit is of the latter class.   Its controlling object—that which makes it cognizable in equity—is the enforcement of the vendor's lien, which is a single thing or entity in which the plaintiffs have a common and undivided interest, and which neither can enforce in the absence of the other.   Thus, while their claims under the notes were separate and distinct, their claim under the vendor's lien was single and undivided, and the lien was sought to be enforced as a common security for the payment of both notes.

It follows that the Circuit Court erred in holding that it was without jurisdiction; and its decree is accordingly

*Reversed, with directions to overrule the demurrer to the bill and to take such further proceedings in the case as may be appropriate.*