## BATEZELL et al. v. CONSOLIDATED IN-DEMNITY & INS. CO.

### No. 4334.

District Court, D. New Jersey.
July 11, 1934.

William I. Garrison, of Atlantic City, N. J., for plaintiffs.

Pomerehne, Laible & Kautz, of Newark, N. J., for defendant.

FORMAN, District Judge.

On March 15, 1933, a suit was instituted in the Atlantic county common pleas court by the above-named plaintiffs against Blake Donaldson. The plaintiff Ethel Q. Batezell sued as administratrix ad prosequendum for the death of Harvey Q. Quicksall. The plaintiff Caroline Quicksall sued for injuries to herself. On November 15, 1933, a final judgment was entered against the said Blake Donaldson in favor of the plaintiff Ethel Q. Batezell, as administratrix aforesaid, in the sum of $2,500, together with interest from said date, and a judgment was taken in favor of the said Caroline Quicksall against the said defendant in the sum of $1,518.25, together with interest from said date. They were entitled to costs in the sum of $72.26.

No recovery was had upon the said judgments.

The plaintiffs then, on February 7, 1934, filed a complaint in the Atlantic county circuit court against the defendant, Consolidated Indemnity & Insurance Company, alleging that it was the insurer of the defendant in their former action against Blake Donaldson. Each plaintiff seeks to recover in that suit for the amount of the judgment, interest, and costs entered against the said Donaldson.

The defendant filed a petition to remove the cause to this court, alleging that the action was brought to recover the sum of $4,094.51. Accordingly, and on the consent of attorneys for all parties, the cause was removed by an order of the Atlantic county circuit court aforesaid dated the 27th of January, 1934, and filed February 7, 1934.

The defendant has answered and plaintiffs have moved to strike the said answer.

It is not necessary to go into the merits of the application presently before the court. Examination of the pleadings discloses that in removing the cause to this court the defendant founded its allegation of jurisdictional amounts by taking an aggregate of the claims of both plaintiffs. Several plaintiffs each having claims less than the jurisdictional amount cannot unite in a joint suit so as to bring the amount in controversy up to the required sum which is $3,000. In this case plaintiffs have absolutely separable and distinct claims against the defendant. Neither of them amounts to the sum of $3,000. In the aggregate they total something over $4,000. They are not of such a common nature, however, as to permit the court to take jurisdiction on account of their aggregate total.

"When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." Troy Bank v. G. A. Whitehead & Co., 222 U. S. 39, 32 S. Ct. 9, 56 L. Ed. 81.

The fact that counsel consented to the order of removal confers no jurisdiction upon this court.

Upon the court's own motion plaintiffs will take an order remanding this cause to the Atlantic county circuit court.