**PEARSON et al. v. NATIONAL SOC. OF PUBLIC ACCOUNTANTS et al.**

No. 13951.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

Lawrence R. Taylor, Jr., Fort Worth, Tex., Wentworth T. Durant, Dallas, Tex., for appellants.

Fritz Lyne and George S. Terry, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of Texas dismissing plaintiffs' suit on the ground that the actual amount in controversy was less than $3,000 exclusive of interest and costs.

The relevant facts alleged in plaintiffs' complaint are as follows: Plaintiffs, both of whom are citizens of Texas, operated a printing business in Dallas, Texas under the name of "Jack Pearson Company" a partnership, and, during the period extending from October 1, 1950 through April 21, 1951, printed for Accountants Publishing Company, a Delaware corporation, the latter's publication known as "The National Public Accountant". At the end of that period the unpaid balance on this account was $2,031.45, and as Accountants Publishing Company was then in financial difficulties, its president Henry S. Koepcke personally guaranteed payment of the account. On May 5, 1951, a meeting of the

stockholders of Accountants Publishing Company was held in Dallas, Texas for the purpose of considering liquidation of the obligations of the company, which meeting was attended by Koepcke and by Jack Pearson, one of the partner-plaintiffs. At that meeting James A. Gorman, a defendant herein, appeared as proxy holder for the majority of the voting stock of Accountants Publishing Company—namely, the National Society of Public Accountants, a Delaware corporation, the other defendant herein—and, acting on behalf of said National Society of Public Accountants, and as part of a settlement proposed by it, Gorman offered to pay plaintiffs in cash within ninety (90) days, 65¢ on the dollar on their claim if they would not sue as they had threatened; which offer Pearson accepted. Henry S. Koepcke had advanced monies on behalf of Accountants Publishing Company of which $2,167.45 had not been repaid, and at the meeting of May 5th, as part of the plan of liquidation proposed by National Society of Public Accountants, defendant Gorman agreed to pay these advances to Koepcke. Neither of these claims being paid as promised, Koepcke, in order to induce plaintiffs not to sue him as guarantor of the obligations of Accountants Publishing Company, assigned his claims to plaintiffs.

After answering, both defendants moved to dismiss for lack of jurisdictional amount, which motions, after hearing, were maintained and plaintiffs' suit was dismissed without prejudice. Plaintiffs' motion for a new trial was denied and they have appealed. The sole question involved is whether or not, in order to make up the jurisdictional amount, plaintiffs may aggregate the two claims sued upon, neither of which individually is sufficient to satisfy the jurisdictional amount.

The good faith of the assignment from Koepcke to plaintiffs has not been questioned and there is no suggestion here of a fraudulent assignment for the purpose of creating diversity of citizenship. The two plaintiffs and their assignor Koepcke were all citizens of the same state and the required diversity of citizenship existed between these parties and the defendants.

It is conceded that the two claims may be joined under Rule 18(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and appellees do not challenge appellants' statement, or the authorities cited in support thereof, that the joinder is likewise proper under Texas law. That the claims may also be aggregated to make up the jurisdictional amount in a case such as this is too clear for comment and we shall be content to cite the following from among the numerous authorities which so hold. Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Bullard v. Cisco, 1933, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; Crawford v. Neal, 144 U.S. 585, 12 S.Ct. 759, 36 L.Ed. 552; Nickelson v. Nestle's Milk Products Corp., Inc., 5 Cir., 107 F.2d 17, 18; Kentucky Wagon Mfg. Co. v. Jones & Hopkins Mfg. Co., 5 Cir., 248 F. 272; Cyclopedia of Federal Procedure, 3rd Ed., Vol. 1, Sec. 2.226.

The judgment of the District Court dismissing plaintiffs' suit is accordingly reversed and the cause is remanded.

Reversed and remanded.