PHOENIX INSURANCE COMPANY, a
corporation et al., Appellants,

v.

Muriel L. WOOSLEY, d/b/a Wocco Man-
ufacturing 'Co.; et al., Appellees.

Muriel L. WOOSLEY, d/b/a Wocco Man-
ufacturing Co.; et al., Cross-
Appellants,

v.

PHOENIX INSURANCE COMPANY, a
corporation et al., Cross-Appellees.

Nos. 6367, 6368.

United States Court of Appeals
Tenth Circuit.

Feb. 7, 1961.

Clarence P. Green, Oklahoma City,
Okl., for appellants.

Delmer L. Stagner and LeRoy Powers,
Oklahoma City, for appellees.

Before MURRAH, Chief Judge,
LEWIS, Circuit Judge, and RICE, Dis-
trict Judge.

RICE, District Judge.

The primary question here is
whether or not the trial court had juris-
diction. Diversity of citizenship is ad-
mitted, but jurisdictional amount is chal-
lenged.

Prior to January 29, 1957, plaintiff,
Muriel L. Woosley, a citizen of Okla-
homa, d/b/a Wocco Manufacturing Com-
pany, hereafter referred to as "Woos-
ley," was engaged in a wholesale grocery
business in Idabel, Oklahoma. On De-
cember 17, 1956, Woosley purchased a
policy of fire insurance from Citizens
Insurance Company of New Jersey, here-
after referred to as "Citizens." The
original policy was for $3,200. By two
subsequent endorsements, the coverage
was increased to $10,800.

On January 18, 1957, Woosley pur-
chased a policy of fire insurance from
Phoenix Insurance Company of New Jer-
sey, hereafter referred to as "Phoenix,"
the coverage being in the amount of
$3,200.

On January 29, 1957, a fire occurred,
and almost a year later, on January 15,
1958, Woosley filed his complaint against
the two defendant insurance companies
and alleged that his stock of groceries
was totally destroyed and that the
amount of his loss as a result of the fire

was in excess of $14,000. As the suit was originally filed, jurisdiction of this court was and is admitted. Subsequent events created a jurisdictional problem.

On January 18, 1958, a motion was filed on behalf of Good Canning Company, an Arkansas corporation; Little Farmer Foods, Incorporated, a Wisconsin corporation; Alexander and Baldwin, Ltd., a Hawaiian corporation; Alma Canning Company, an Arkansas partnership composed of O. V. Hall, Everett Biggs, H. C. Hardin, and J. Clib Hardin; Cinch Products, Incorporated, a California corporation; the Western Foods Products Company, Incorporated, a Kansas corporation; R. F. Campbell, W. N. Koon, and Milton Keen, each a citizen of Oklahoma, requesting the court either to substitute them as parties plaintiff or in lieu thereof to consider the motion as a petition for intervention against the defendant insurance companies.

The motion alleged that Woosley was indebted to each movant for merchandise sold to him and for which payment had not been made and that in order to secure the claims of the movants, Woosley had executed and delivered nine partial assignments of claims against the two insurance companies and that the total amount of the assignments aggregated the full amount of claims against the plaintiff. Movants alleged that they had cross-assigned their interests in these causes so that each might share pro rata in the recovery against the defendants and that they had agreed to waive against each other any priorities which might exist between them. It is admitted in the record that these assignments were made by Woosley prior to the filing of his suit. Only two of the assignments exceeded $3,000. The assignment to Good Canning Company was for $4,553.98. The assignment to Little Farmer Foods was for $3,005. After cross-assignments had been executed, with the exception of Good Canning Company, the claims of all other assignees against each insurance company was less than $3,000. The size of each assignment against each appellant after the cross-assignment process was completed is as shown in the following chart:

| Assignee | Amount of Original Assignment | (Claims Against Citizens) | (Claims Against Phoenix) |
|---|---|---|---|
| Good Canning Co. | ·$4553.98 | $3513.08 | $1040.90 |
| Little Farmer Foods | 3005.00 | 2318.14 | 686.86 |
| Alexander & Baldwin | 1039.14 | 801.63 | 237.51 |
| Cinch Products | 865.75 | 667.87 | 197.88 |
| Alma Canning | 872.81 | 673.31 | 199.50 |
| Western Food Products | 167.11 | 128.92 | 38.19 |
| W. N. Koon | 500.00 | 385.70 | 114.30 |
| R. F. Campbell | 2500.00 | 1928.58 | 574.42 |
| Milton Keen | 700.00 | 540.00 | 160.00 |

Defendants, by appropriate pleadings, asked the court to dismiss assignees' motion to intervene for the reason that it was accomplished without notice (subsequently abandoned); and, in addition, alleged a lack of jurisdictional amount as to all claims, except the claim of Good Canning Company against Citizens, and pointed out that the claim of Good Canning Company against Phoenix was for a sum less than $3,000.

Originally, there was a claim that the court did not have jurisdiction of Woosley but that claim was abandoned. Apparently, appellants concede that the court had jurisdiction of the complaint as originally filed by Woosley and that the court had jurisdiction of the claim

of the intervenor Good Canning Company.

■■ The trial court, after consideration of defendants' motions, ruled that although plaintiff Woosley was not the real party in interest and that he had no actual interest in this action, he was a proper party; that the assignees were the real parties in interest and that the assignees should be permitted to be made parties "whether by intervention or other method." Kilbourn v. Western Surety Co., 10 Cir., 187 F.2d 567; McWhirter v. Otis Elevator Company, D.C., 40 F.Supp. 11.

The insurance companies have not consented to the partial assignments. As a result, the assignor, assignees, debtor, and all parties claiming an interest in the indebtedness are necessary parties. Finance Corporation v. Modern Materials Company, Okl., 312 P.2d 455; 4 Am. Jur., Assignments § 65–125. We conclude that the court had jurisdiction of all assignees. Woosley, the original plaintiff, and the nine assignees united to enforce the collection of insurance against the two insurance companies. Woosley had an interest in the collection of this insurance in order that the creditors might be paid. The nine creditors had a common interest in the collection of this insurance, although not an equal interest, for the reason it was the source from which they might collect the money that was due them. The general rule is that when several plaintiffs unite to enforce a single right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. Woerter v. Orr, 10 Cir., 127 F.2d 969; Phillips Petroleum Company v. Taylor, 5 Cir., 115 F.2d 726; Aetna Insurance Company v. Chicago, Rock Island & Pacific Railroad Company, 10 Cir., 229 F.2d 584; Troy Bank of Troy, Ind. v. G. A. Whitehead & Company, Inc., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81.

■ At the conclusion of the evidence, the insurance companies asked the court to direct a verdict in their favor for the reason that "plaintiff failed to prove the amount of the loss and for the reason that there were policy violations which preclude a recovery."

When asked by the court to point out the policy violations, counsel responded: "Failure to inventory, failure to file proof of loss, fraud, and false swearing."

Motion for a directed verdict was overruled and the case was submitted to the jury. The court's instructions are not in the record but the record does reflect that counsel admit the instructions were adequate and proper. The motion for directed verdict was properly overruled.

■ After the jury had deliberated for quite some time without being able to return a verdict, they requested (due, no doubt, to the complexity of the issues) additional instructions from the court and particularly asked the court to explain the difference between exaggeration and fraud, terms which evidently had been used in the original instructions.

The court complied with the jury's request, and in his explanation to the jury told them that, in his opinion, every defense presented by the defendants had been waived and that the only question for them was the amount of the loss or the value of the property that was destroyed by fire. A careful review of the record justifies this statement. The proof shows that almost immediately after the fire occurred, the insurance companies were notified; thereupon agents and adjustors of the insurance companies went to the scene of the fire and procured from Woosley his invoices and whatever records he had there and that they proceeded to inventory the goods and to view the situation as it existed after the fire. Apparently, extensive negotiations were conducted by the plaintiffs and defendants. There was a delay in filing the proof of loss and a delay in rejecting the proof of loss. Under the circumstances, the court ruled that the insurance companies had waived

a proof of loss. The record justifies the conclusion that the insurance companies had either waived their objections or else had presented objections which might have justified a postponement of the trial but did not constitute error when the defendants did not ask for a postponement. The evidence justifies the jury's verdict as to the loss sustained as a result of the fire; and under the circumstances reflected by the record, we find no fault in the comments of the court in regard to the request of the jury to advise them as to the difference in the meaning of exaggeration and fraud.

There is in the record a cross-appeal filed by plaintiffs and the basis of the cross-appeal is that the court should have sustained their motion for a directed verdict in the sum of $14,000 at the conclusion of all the evidence. This cross-appeal is without merit.

Judgment is affirmed.