Etherene SCOTT, Lean Walton, Margaret White, Cora Scott, Belle Scott, Mathew Scott, Burrell Wimbish, Rosea Stone, Nannie Stone, Thelma Vaden and Lillian McCullen, Plaintiffs,

v.

AETNA LIFE & CASUALTY COMPANY, Defendant.

Civ. A. No. 69–C–26–D.

United States District Court
W. D. Virginia,
Danville Division.

Dec. 29, 1969.

French H. Conway, Danville, Va., for plaintiffs.

Robert T. Vaughan, Vaughan, Slayton & Bennett, South Boston, Va., for defendant.

## OPINION

WIDENER, District Judge.

This is an action originally brought under the diversity statute 28 U.S.C. § 1332 by nine residents of Virginia against Aetna Life and Casualty Company, of Hartford, Connecticut, under a group retirement plan issued in contract form by Aetna to the employees of Jesse Jones Sausage Company, Danville, Virginia. Later, without objection by Aetna, two additional persons were made parties plaintiff.

The aggregate of the eleven claims against Aetna is slightly more than $10,000.00. The claim of no individual plaintiff amounts to as much as $10,000.-00.

The matter is here for decision on Aetna's motion to dismiss which amounts to a plea to the jurisdiction of the court, the defendant taking the position that plaintiffs should not be allowed to aggregate their claims in order to satisfy diversity jurisdiction.

Since the motion to dismiss did not state the facts on which it was based, evidence was heard *ore tenus*, at which hearing few, if any, of the facts were in dispute and may be briefly stated as follows:

Jesse Jones Sausage Company had been in business in Danville for a number of years, and the plaintiffs are all former employees of that company. Because of requirements of the Department of Agriculture, extensive renovation of the plant was required, and the company decided to shift its Danville operation to another existing plant in North Carolina, using the Danville facilities for storage. The company, several years before, had set up a retirement plan for the benefit of its employees. The employees and the company both contributed to the plan. The provisions are set forth in booklet form filed as an exhibit. Under the plan, the employees, on reaching age 65, would receive a lifetime annuity payable by Aetna. The contract is hazy at best about what would happen if an employee was laid off from the company due to no fault of his own prior to reaching the age of 65.

When the company moved its production from Danville to North Carolina, the plaintiffs were among those employees laid off through no fault of their own. They were given claim forms to submit to Aetna, which forms were obviously prepared by Aetna, giving them two options: first, to receive the cash withdrawal value under the group annuity contract, or second, to receive a paid up annuity. The plaintiffs chose the first option. Aetna construed the contract as allowing the plaintiffs to receive back only their contributions which they themselves had put in. It paid the plaintiffs such contributions, but retained the money contributed by Jesse Jones, giving the employees a paid up annuity, the benefits from which would commence at age 65, as a result of the employer's contributions for their respective accounts. Other employees whose contributions had been smaller were paid the entire amount of their individual contributions, and in addition the contributions to their accounts by the employer. Realizing that all the evidence admissible at a trial was not heard at the hearing on the motion, the court is of the present opinion that the action of Aetna was arbitrary in construing the contract one way for one group of employees and another way for another group, when the contract itself has no such provision, and that in a trial on the merits Aetna would deserve to have judgment entered against it.

Nevertheless, and with considerable reluctance, the court is of opinion that the motion to dismiss for want of federal

jurisdiction is well taken and ought to be granted under the recent decision of Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

Although the action was brought on the basis of diversity only, plaintiffs contend that it may be sustained as an action of interpleader under 28 U.S.C. § 1335, or as a class action under F.R. Civ.P. 23. Although these latter two questions have not been directly raised by the pleadings, they have been argued in the briefs of both parties, and will be discussed so that the parties may have the benefits of the court's views in the matter.

■ The action may not be entertained as an action of interpleader under 28 U.S.C. § 1335, or as an action in the nature of interpleader, because there is no fund which Aetna is willing to pay, and concerning which two or more conflicting claims have been made. It is the essence of interpleader that the stakeholder be willing to pay. Not only is Aetna not a stakeholder, it is not willing to pay. It is the stakeholder who must initiate an action of interpleader, or being an original defendant must offer to pay the fund in controversy to whomsoever the court determines is justly entitled to it. Aetna qualifies under neither theory. See Texas v. Florida, 306 U.S. 398, 405, 59 S.Ct. 563, 83 L.Ed. 817, 121 A.L.R. 1179 (1939).

■■ The contentions that the action may be maintained as a class action under FRCP 23, and that it may be maintained solely as a diversity action are intertwined and will be discussed together, because the key question here for determination is whether or not the claims of the plaintiffs may be aggregated so that the total exceeds $10,-000.00.

The court is of the opinion that the plaintiffs may not aggregate their claims in this action.

In a class action under FRCP 23, the class must be so numerous that joinder of all members is impracticable. Determining the number of employees adversely affected by the decision of Aetna would have been a simple matter, and they were not numerous. Jesse Jones had only a moderate number of employees in Danville, of which a part were under a different annuity plan than the one here in question. A part of those under this same plan had previously received all of their contributions paid by them or for their account. In addition, it is only fair to infer that those employees nearing 65 years of age would want Aetna to keep all the contributions and pay the annuity.

In the *Snyder* case, a shareholder whose individual claim was less than $10,000.00, was denied the right to aggregate the claims of all other shareholders similarly situated in a suit to recover from the directors an excessively high sales price for stock in a class action brought under FRCP 23 rather than a derivative action under FRCP 23.1.

In that case the court restated the rule which must govern here as follows:

"Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." 394 U.S. 332, 335, 89 S.Ct. 1053, 1056.

Despite a vigorous dissent to the effect that the court was not giving effect to the 1966 amendment to Rule 23, the majority followed the rule of longstanding announced in Troy Bank of Troy, Ind. v. G. A. Whitehead and Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911); Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817 (1916); Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939); and Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

*Pinel* held that two heirs were not permitted to aggregate their claims to exceed the then federal jurisdictional amount of $3,000.00, and this although their claims were undivided fractional interests in the same estate.

The most persuasive language is found in *Thomson* in the following words:

"Aggregation of plaintiffs' claim cannot be made merely because the claims are derived from a single instrument * * * or because the plaintiffs have a community of interest * * *." 315 U.S. 442, 447, 62 S.Ct. 673, 675.

*Snyder* restated the existing rule which must apply here:

" 'When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; * * *.' [Troy Bank v. G. A. Whitehead, Co.] 222 U.S. 39, 40, 32 S.Ct. 9, 56 L.Ed. 81." 394 U.S. 332, 336, 89 S.Ct. 1053, 1057.

The plaintiffs here do not have a common or joint interest in the subject matter of the suit. While their claims are against the defendant, on the same contract, there is no fund in which they have a *joint or common* interest. This is actually a case of permissive joinder of plaintiffs. FRCP 20.

Plaintiffs strenuously insist that the case should be maintained on the authority of Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939), and Independence Shares Corporation v. Deckert, 108 F.2d 51 (3 Cir. 1939), as well as other cases.

If *Gibbs* ever justified aggregation in this case, its authority has been completely eroded by *Snyder*. The facts of *Gibbs* are quite different in any event.

The court reads *Independence Shares* as authority for this opinion. In that case, purchasers of savings certificates were not allowed to aggregate their claims, the court saying

"The claims of the appellees may not be aggregated and the claim of no one appellee amounts to more than $2,000." 108 F.2d 51, 53.

An order is this day entered dismissing the complaint in accordance with this opinion.