**KEEN TRANSPORT COMPANY, INC., and Continental Casualty Company**

**v.**

**Michael WILCOX and Brady Motor Freight.**

**KEEN TRANSPORT COMPANY, INC., and Continental Casualty Company**

**v.**

**Clarence J. HAFER.**

**Civ. A. Nos. 114–72, 56–73 Erie.**

United States District Court, W. D. Pennsylvania.

May 29, 1974.

**438**

John G. Gent, Erie, Pa., for plaintiffs.

Irving O. Murphy, Eugene J. Brew, Jr., Erie, Pa., for defendants.

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

KNOX, District Judge.

This diversity action arises from a suit to recover for the negligent loss of a tractor trailer transporting machinery and equipment being transported in interstate commerce which was allegedly stolen by person or persons unknown while left unattended by the driver.

As a result the plaintiff by virtue of its contractual relationship with Allis Chalmers Manufacturing Company, shipper of the cargo, was required to pay $21,268.22 for the loss. Thereafter, plaintiff's insurer, the Continental Casualty Company, reimbursed plaintiff for its loss in the sum of $21,018.22. The remaining $250 is demanded by the plaintiff Keen Transport Company being loss which it sustained which was not covered by insurance. Plaintiff, Continental Casualty Company, claims the $21,018.22 it paid in insurance coverage.

The defendants in their motion to dismiss contend that Keen Transport Company, the original defendant, who sued prior to the insurance payment by Continental Casualty, has a claim for only $250 and thus does not meet the monetary jurisdictional requirements of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff, Keen Transport, however contends that its claim is ancillary to the main claim of the insurance carrier, and should not be dismissed.

28 U.S.C. § 1332 allows original jurisdiction in the federal courts of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs and is between citizens of different states.

■ It has long been the rule that if the jurisdictional amount exists at the time jurisdiction is invoked, defenses, subsequent events and occurrences cannot normally destroy the jurisdictional pre-requisite. J. Moore's Federal Practice (2 Ed.1974) Paragraph 0.91(3) at page 831. See Smithers v. Smith, 204 U.S. 632, 27 S.Ct. 297, 51 L.Ed. 656; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. Therefore, in the instant case, although Keen Transport has only $250 of its $21,268.22 claim remaining, its original claim in excess of $10,000 prior to the insurer's payment of the loss (except for $250) would control in determining the jurisdictional amount for diversity jurisdiction purposes.

■ We do not deny defendant's motion to dismiss upon this ground alone, however. The payment by the insurer of a portion of the loss sustained by the insured made the insurer an owner of a portion of the substantive right of the insured individual and it is sufficient if the interest of insurer and insured individual collectively equal the jurisdictional amount required in federal court. Farren v. Gas Service Company, 122 F. Supp. 536 (D.Kan.1954); American Surety Company v. Bank of California, 133 F.2d 160 (9th Cir. 1943). See also Troy Bank v. Whitehead and Company, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911).

As stated in 1 J. Moore's Federal Practice, paragraph 0.97(3) (2 Ed. 1974) at pages 890, 891:

"Where, however, the several plaintiffs unite to enforce an 'integrated' or 'undivided' right, it is the value of the entire right which is in controversy and this total value is used, when

pertinent, in determining whether or not federal jurisdiction exists."

In United States v. Aetna Surety Company, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), the United States Supreme Court dealt with the issue of one claim shared by insured and insurers as a substantive right. The court stated:

"If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

\* \* \* \* \* \*

"No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names."

Therefore, it is proper in this case for insured and insurer who both have a property interest in one claim based upon one subject matter to aggregate their claims to meet the requisite jurisdictional amount.

Defendant's Motion to Dismiss is denied for these reasons.