**James V. BUCCI and Lillian R. Bucci, his wife, and David Goodman, their son, Plaintiffs,**

v.

**ALLIED VAN LINES, INC., a corporation, Defendant.**

**Civ. A. No. 82–538.**

United States District Court, W. D. Pennsylvania.

Oct. 1, 1982.

---

Kim R. Bobrowsky, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiffs.

P. Brennan Hart, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

In the motion before us, the defendant, Allied Van Lines, Inc. ("Allied"), seeks the dismissal of Plaintiff David Goodman's claim for lack of jurisdiction.

The plaintiffs, James· and Lillian Bucci and their son, David Goodman, brought this suit against Allied, claiming that Allied had breached a contract for the interstate transportation of household goods. Specifically, the plaintiffs allege that they had entered into a straight through bill of lading with the defendant, whereby the defendant agreed to safely pack, handle and transport various household items belonging to the plaintiffs from Flint, Michigan to the plaintiffs' new home in Pittsburgh, Pennsylvania. The plaintiffs further allege that, although the defendant did tender some of the plaintiffs' property as agreed, many of the items were never delivered and many others were damaged. As a result of this alleged breach, Mr. and Mrs. Bucci seek damages in the amount of $54,430.41. Their son, David Goodman, alleges a personal property loss of $2,122.50. The parties are of diverse citizenship.

The plaintiffs assert that this court has jurisdiction based upon 28 U.S.C. §§ 1332, 1337 and 49 U.S.C. § 11707, as this case arises out of the interstate shipment of household goods under the Interstate Commerce Act, 49 U.S.C. § 10101, et seq. The defendant contends that we lack jurisdiction over Mr. Goodman's claim.

After a thorough consideration of the parties' briefs and applicable law, we conclude that we have jurisdiction over Mr. Goodman's claim under both § 1332 and § 1337.

As the plaintiffs' claims arise out of an interstate shipment of goods, the starting point of our inquiry is 49 U.S.C. § 11707, originally known as the Carmack Amendment and formerly codified as 49 U.S.C. § 20(11). 49 U.S.C. § 11707 provides in part:

(a)(1) A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission [such jurisdiction is conceded in this case] . . . shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of

lading . . . for the actual loss or injury to the property . . .

As a common carrier under the jurisdiction of the Interstate Commerce Commission, Allied is subject to claims arising under U.S.C. § 11707.

Since the defendant falls within the confines of § 11707, we must now determine whether or not this court has jurisdiction over the claims arising from this section. Subsection (d)(1) of § 11707 provides that:

A civil action under this section may be brought against a delivering carrier . . . in a district court of the United States or in a State court . . .

49 U.S.C. § 11707(d)(1). This section grants concurrent jurisdiction to federal and state courts. This subsection, however, is not dispositive of the question before us, as it fails to state which, if any, such claims are to be brought exclusively in a state court. To determine this, we must turn to 28 U.S.C. § 1337. This section provides in relevant part

. . . That the district courts shall have original jurisdiction of an action brought under section 20(11) of part I of the Interstate Commerce Act (49 U.S.C. 20(11)) . . ., only if the matter in controversy for each receipt or bill of lading exceeds $10,-000, exclusive of interest and costs.[1]

The issue we must address in considering these sections is, whether or not various claims which arise from one bill of lading may be aggregated so as to reach the minimum jurisdictional amount.

We have found no case which construes the "matter in controversy" language of § 1337. Though we face a clean slate as to the interpretation of § 1337, similar and more frequently construed language occurs in 28 U.S.C. § 1332. Section 1332 gives federal district courts original jurisdiction in all civil actions in which the parties are diverse, so long as "the matter in controversy exceeds the sum or value of $10,000 . . ."

The general rule is that, where several plaintiffs assert separate and distinct claims in a single suit, the amount involved in each plaintiffs' claim must reach the jurisdictional amount. Federal courts will not allow aggregation of such claims to create jurisdiction. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Northern National Bank & Trust Co. v. Sandvick Steel, Inc.,* 325 F.Supp. 651 (M.D. Pa.1971). Courts have noted an exception to this rule, however, and have permitted aggregation in cases involving an integrated right.

In *Clay v. Field,* 138 U.S. 464, 11 S.Ct. 419, 34 L.Ed. 1044 (1891), several plaintiffs brought a suit in equity for an accounting of a partnership. The wife of the decedent, who was seeking to recover her dower rights, joined with her son's claim against the estate so as to meet the requisite jurisdictional amount. The court, in holding that aggregation was impermissible in this case, stated the exception that, so long as several plaintiffs have a "common and undivided interest, though separable as between themselves," their claims may be aggregated to meet the jurisdictional amount. *Id.* at 479, 11 S.Ct. at 425.

In *Troy Bank v. Whitehead & Co.,* 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911), the appellants were assignees of two promissory notes issued as support for a vendor's lien on a piece of property. Each note was less than the jurisdictional amount, so the appellants joined in the suit to bring it in federal court. The appellee sought dismissal for lack of jurisdiction. The court, in denying the motion to dismiss, stated:

"... when several plaintiffs unite to enforce a *single title or right,* in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount."

---

[1]. Congress repealed 49 U.S.C. § 20(11) on October 17, 1978 and enacted 49 U.S.C. § 11707 as its replacement. The sections are virtually identical. Three days later, on October 20, 1978, Congress amended 28 U.S.C. § 1337 add-

ing the "matter in controversy" language. We can only assume that the drafters of § 1337 failed to notice the change in Title 49. Thus, § 1337 refers to the old 49 U.S.C. § 20(11) instead of the present 49 U.S.C. § 11707.

**192**

*Id.* at 40–41, 32 S.Ct. at 9. (Emphasis supplied). The court held that the appellants could aggregate their claims because they sought enforcement of a vendor's lien, a single entity in which the plaintiffs had a common interest. The right to foreclose was a right the appellants had in common and the total value of that right is what was at issue.

The principles espoused in these cases are still followed by modern courts. *See, e.g., Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1968); *Loss v. Blankenship,* 673 F.2d 942 (7th Cir. 1982); *Keen Transport Co. v. Wilcox,* 376 F.Supp. 437 (W.D.Pa.1974).

■ Hence, it is well established under section 1332 that if several plaintiffs unite to enforce an integrated right, the "matter in controversy" is the value of the *entire* right and this total value is used to meet the jurisdictional amount. *See United Pacific/Reliance Insurance Cos. v. Lewiston,* 372 F.Supp. 700 (D. Idaho, 1974); 1 Moore's Federal Practice ¶ 0.97(3) (2d ed. 1981). We believe that 49 U.S.C. § 11707 creates a similar single and undivided right in having the goods on one bill of lading properly delivered. Thus, we hold that these claims are properly aggregated under § 1332.

In 1978, Congress added the "matter in controversy" language to § 1337. After discussing the problems in handling damage claims under the Interstate Commerce Act encountered by the district courts in Massachusetts, the Senate Judiciary Committee stated its reasons for the proposed amendment.

The committee believes that this change is required to prevent an abuse of the Federal judicial process....

The Carmack amendment, 49 United States Code 20(11), and 28 United States Code 1337, provide that suits may be brought in Federal court against a railroad or motor carrier. However, there is no provision in these statutes that assures that the court will only hear substantial claims. This is a basic inconsistency with diversity and Federal question jurisdiction, which require a $10,000 minimum amount in controversy.

A further inconsistency is encountered when a litigant wants to remove one of these actions from State to Federal court. Under 28 United States Code 1445(b), a $3,000 minimum amount in controversy is required for removal to Federal court, rather than the normal $10,000 amount in controversy....

The Federal courts were not intended to be forums for small claims such as these and it is clearly inconsistent with the theory of Federal jurisdiction to have our courts function as collection agencies.

Section 15 is intended to remedy this situation, as well as add consistency to Federal jurisdictional requirements.

[1978] U.S.Code Cong. & Ad.News 3569, 3612–3613.

The stated basis for the decision to limit jurisdiction under § 1337 strongly suggests that its "matter in controversy" language ought to be construed in the same way as in § 1332.

In addition to the "matters in controversy" language, the drafters of the amended § 1337 believed it was necessary to include the phrase "for each receipt or bill of lading." This statutory focus on the receipt or bill of lading as the nexus of federal jurisdiction over the cause of action strengthens our conclusion that it is the total amount controverted as to each bill of lading which must exceed $10,000. Under § 11707 and § 1337, the bill of lading is the root source of recovery, and all claims, as to one bill, grow from that single root. It is immaterial how much each plaintiff claims, under one bill. If all of the claims aggregated under one bill of lading reach the jurisdictional amount, then a federal court has jurisdiction under § 1337.

Because different claims stemming from a single bill of lading are likely to involve virtually identical facts as a result of common shipment, judicial economy will be furthered if plaintiffs bring such claims, which seek the enforcement of one right under a single bill of lading, together in one suit. Allowing aggregation of claims under a sin-

gle bill of lading still serves the Congressional purpose in amending § 1337 by assuring that the dispute over a particular shipment must be substantial in amount to support federal jurisdiction.

In the case *sub judice,* the total amount sought under the bill of lading is over $56,-000, far above the requisite amount. It is not important that Mr. Goodman's claim is only $2,122.50. He has united with his parents in one suit to enforce a single right, a single bill of lading.