**Sandra POHL, et al.,**

v.

**NGK METALS CORPORATION, et al.**

**No. CIV. A. 00–4165.**

United States District Court, E.D. Pennsylvania.

Oct. 4, 2000.

Ruben Honik, Greitzer & Honik, Philadelphia, PA, Howard Langer, Sandals & Langer, LLP, Philadelphia, PA, for Plaintiffs.

Thomas C. DeLorenzo, Stephanie K. Tartakow, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, Neil S. Witkes, Manko, Gold & Katcher, Bala Cynwyd, PA, for Defendants.

## *MEMORANDUM*

BARTLE, District Judge.

This is a putative class action originally filed in the Court of Common Pleas of Philadelphia County and subsequently removed to this court. Plaintiffs allege that defendants, manufacturers of beryllium containing metals in Reading, Berks County, Pennsylvania, negligently introduced respirable beryllium dust, fumes, and particle matter into the environment including the ambient air. According to the plaintiffs, such activities caused various respira-

tory diseases to those who resided near the plant. In their core prayer for relief, plaintiffs request that the court:

> [C]reate a trust fund, paid for by defendants, under Court supervision, to finance medical monitoring services, including, but not limited to, testing, preventative screening, care and treatment of conditions resulting from, or potentially resulting from, exposure to beryllium dust and particulates. . . .

(Pls.' Compl. ¶ 58(b)). Before the court is the motion of plaintiffs to determine whether this action should be remanded to the Court of Common Pleas of Philadelphia County for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

▉ Plaintiffs' claims are based solely on state law. It is undisputed that the diversity of citizenship requirement has been met because the named class representatives are citizens of Pennsylvania and the defendants are citizens of states other than Pennsylvania. *See Snyder v. Harris,* 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319, *reh'g denied* 394 U.S. 1025, 89 S.Ct. 1622, 23 L.Ed.2d 50 (1969); *In re School Asbestos Litig.,* 921 F.2d 1310, 1317 (3d Cir.1990). The issue presented involves the second jurisdictional prong—whether the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a). Since defendants removed this case from the state court, they bear the burden of proof to establish that the jurisdictional value has been satisfied. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987).

▉ The parties have stipulated: "The total sum sought on behalf of all members of the putative class to establish a trust fund to finance medical monitoring for members of the putative class exceeds $75,000. The cost to establish a trust fund to perform medical monitoring during the lifetime for each individual plaintiff would be less than $75,000."[1] Defendants contend the size of the trust fund in the aggregate is the proper jurisdictional benchmark while plaintiffs maintains that we must look to the cost for each individual class member without aggregation. If plaintiffs are correct, we must remand this action.[2]

In *Troy Bank v. G.A. Whitehead & Co.,* 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911), the Supreme Court explained:

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

*Id.* at 40–41, 32 S.Ct. 9 (citations omitted).

The Supreme Court has continued to reiterate the distinction between cases which involve "separate and distinct" claims and those in which the plaintiffs have a "common and undivided interest." For example, in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), a diversity action, the plaintiff class members were all owners or lessees of lake-front property in Vermont. They sought damages from a paper company for discharging pollutants into the adjoining water and lowering their proper-

---

**1.** The complaint defines monitoring to *include* future treatment. We take the word monitoring in the stipulation to be used in the same way and thus to include future treatment.

**2.** Even though no class has yet been certified, we consider the putative class members to be parties for purposes of determining subject matter jurisdiction. *Eagle v. American Tel. & Tel. Co.,* 769 F.2d 541, 545 n. 1 (9th Cir. 1985); *Robinson v. Computer Learning Ctrs.,* No. CIV. A. 99–3904, 1999 WL 817745, at *2 n. 2 (E.D.Pa. Oct.12, 1999).

ty values. The Court held that the claims in question were separate and distinct from each other and therefore could not be aggregated for jurisdictional purposes. *See also Snyder,* 394 U.S. at 340, 89 S.Ct. 1053.

■ As in *Zahn,* we are convinced that the claims here are separate and distinct. Like the lake-front property owners and lessees, each putative class member here has suffered a distinct harm from the defendants' alleged negligence. While the harm may have emanated from the same source, again as in *Zahn,* any duty owed is owed to the plaintiffs individually. Plaintiffs here do not have a common and undivided interest in land or other property. The adjudication of the claim of each putative class member could be accomplished in a separate action without adversely affecting the right of any other class member in a "single indivisible *res.*" *Gilman v. BHC Securities,* 104 F.3d 1418, 1423 (2d Cir.1997); *see id.* at 1421–23. If the plaintiffs had a common and undivided interest in an existing trust, it would be a different matter. However, no trust exists or has ever existed. Instead, plaintiffs are requesting as a remedy that the court compel defendants to create and fund a trust to compensate plaintiffs for their individual injuries and to give each class member a common and undivided interest in it. The plaintiff class members have simply "united[d] for convenience and economy in a single suit." *Troy Bank,* 222 U.S. at 40–41, 32 S.Ct. 9. Consequently, we cannot aggregate the value of all the claims of the class members in order to meet the amount in controversy required under 28 U.S.C. § 1332(a). *See Zahn,* 414 U.S. at 301, 94 S.Ct. 505.

■ There is a second problem with defendants' argument that we have subject matter jurisdiction. Defendants are seeking to have us measure the requisite sum based on the total cost to the defendants rather than on the separate harm to each plaintiff. This we cannot do. In *Packard v. Provident Nat'l Bank,* 994 F.2d 1039 (3d Cir.1993), the Court of Appeals had before it a class action by trust beneficiaries claiming that the fees charged by the trustee bank were unreasonable. Plaintiffs also sought restitution of the fees and punitive damages. One of the issues before the Court of Appeals was whether or not the plaintiffs had met the amount in controversy requirement under 28 U.S.C. § 1332. In an effort to sustain their position, the plaintiffs argued that their complaint included a demand for injunctive relief and that the amount in controversy should be calculated by the cost to the defendant to comply. The Court of Appeals rejected this notion. It stated:

> In a diversity-based class action seeking primarily money damages, allowing the amount in controversy to be measured by the defendant's cost would eviscerate *Snyder's* holding that the claims of class members may not be aggregated in order to meet the jurisdictional threshold. We will not permit plaintiffs to do indirectly that which they cannot do directly. Moreover, we have stated that a plaintiff may not turn what is essentially a legal claim into an equitable one merely by demanding an injunction requiring the payment of money. Here, virtually all the relief sought is remedial by money damages.

*Packard,* 994 F.2d at 1050 (citations and footnote omitted).

■ The claims in this action are primarily ones for money damages, although cloaked in equitable parlance for the establishment of a trust fund.[3] Plaintiffs, in essence, seek money from defendants to monitor and treat their medical conditions

---

3. In a case where a party seeks injunctive or declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In this case, the object is recovery of money for present and future harm to each of the putative class members as a result of defendants' alleged negligence.

**478**

into the future. As the Court of Appeals stated in *Packard*, "[A] party may not turn what is essentially a legal claim into an equitable one merely by demanding an injunction requiring the payment of money." *Id.* In a case with similar claims to this one, our Court of Appeals held that the request for prompt medical examinations and all medical costs and necessary treatment to be incurred in the future is a claim for money damages. *Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir.1979). Had plaintiffs sought to establish individual trust funds for each class member or to obtain individual damage awards, the requisite amount in controversy clearly would not have been satisfied. We do not believe that the jurisdictional hurdles laid down in *Troy* and reiterated in *Zahn* can be circumvented when plaintiffs seek the establishment of one common fund, rather than individual trust funds for or individual payments to each plaintiff.

Since it is stipulated that none of the claims of the individual class members exceeds the sum of $75,000 exclusive of interest and costs, we will remand this action to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c).