Esther KATZ, on behalf of herself and all others similarly situated, Plaintiff,

v.

WARNER–LAMBERT COMPANY, Defendant.

No. 98 Civ. 534(JSR).

United States District Court, S.D. New York.

June 22, 1998.

**364**

Karl Seib, Patterson, Belknap, Webb & Tyler, New York City, for Defendant.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

On January 26, 1998, defendant removed this action from the New York state courts pursuant to 28 U.S.C. § 1441, asserting that the action satisfied the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332. On February 18, 1998, plaintiff moved to remand the action pursuant to 28 U.S.C. § 1447(c), arguing that the amount in controversy does not exceed $75,000. Following review of the parties' written submissions and oral argument, the Court, on April 16, 1998, telephonically informed the parties that plaintiff's motion would be denied. This Memorandum will serve to confirm that determination and briefly state the reasons therefor.

■ The Complaint on which removal was premised, filed December 22, 1997,[1] alleges that Rezulin, a drug manufactured by defendant Warner–Lambert and used for treating diabetes, exposes users to substantial health risks. *See* December 22, 1997 Compl. ¶ 22. Accordingly, the Complaint, on behalf of plaintiff and other similarly situated Rezulin users, demands that defendant warn users of the potential harms from Rezulin, regularly monitor users for such harms, and fund research to develop cures for such harms. *Id.* ¶ 23.

■ A claim for a medical monitoring and research fund is injunctive in nature. *See Doyle v. Coombe,* 976 F.Supp. 183, 185 n. 1 (W.D.N.Y.1997); *Craft v. Vanderbilt Univ.,* 174 F.R.D. 396, 406 (M.D.Tenn.1996). Where injunctive relief is requested, the amount in controversy is measured by "the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). This invites the question of the value to whom: the defendant, the plaintiff class, or the individual plaintiff? In *Hunt,* for example, where the object of the litigation was to enjoin enforcement of a statute that placed restrictions on a group of Washington apple growers represented by an association, the Supreme Court measured the value for amount-in-controversy purposes as the loss that any individual member of the association would suffer as a result of the statute's enforcement. *See id.* at 347, 97 S.Ct. 2434. While the "plaintiff's viewpoint" approach suggested in *Hunt* has not always been followed in the lower courts, *see, e.g., McCarty v. Amoco Pipeline Co.,* 595 F.2d 389, 393, 395 (7th Cir.1979); *Solna, Inc. v. American Printing Equip., Inc.,* 1989 WL 325976, at *3–4 (W.D. Mo.1989), it represents the prevailing approach in this Circuit, *see, e.g., Bernard v. Gerber Food Products Co.,* 938 F.Supp. 218, 221 (S.D.N.Y.1996); *see also Kheel v. Port of New York Auth.,* 457 F.2d 46, 49 (2d Cir.1972); *Law Audit Servs., Inc. v. Studebaker Technology, Inc.,* 1996 WL 137492, at *4 (S.D.N.Y. Mar. 27, 1996).[2]

■ But what is the value to an individual user of Rezulin of the medical monitoring and research fund that is the object of this litigation? In one sense, it is speculative, because no one knows how much ultimate benefit any given Rezulin user will derive from such a fund. *Cf. Kheel,* 457 F.2d at 49. But in another sense it is appropriately

---

**1.** While, subsequent to removal, plaintiff served an amended complaint, on a motion to remand the amount in controversy is assessed on the basis of the complaint operative at the time of removal. *See, e.g., Leslie v. BancTec Service Corp.,* 928 F.Supp. 341, 348 (S.D.N.Y.1996).

**2.** One nevertheless wonders whether any approach that measures amount in controversy solely by reference to the plaintiff (or the defen-

dant) is wholly consistent with the primary purpose of diversity jurisdiction, which is "to protect nonresident parties [plaintiffs and defendants alike] from the local prejudices of state courts" in cases involving substantial financial exposure. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3721, at 187 (1985).

measurable as the cost to defendant of creating such a fund, or at least the research portion of it, for without such research expenditure, no plaintiff would be likely to receive any research benefit. Put another way, in order to receive the putative benefits of the contemplated medical research, a plaintiff would have either to fund such research herself or to prevail in this lawsuit. It is conceded that more than $75,000 must be expended to fund the research here requested (let alone the monitoring and other relief), whatever the result of that research might be. *See* transcript of oral argument at 17–18. Accordingly, the amount-in-controversy requirement for diversity jurisdiction is met.

This reasoning is applicable not only to the individually named plaintiff (who is thus far the only plaintiff to this action), but also to each member of the rest of the putative class. Whatever may be the case as to the proposed monitoring, as to the research component of the proposed relief there is no question here of dividing the cost by the number of plaintiffs in the putative class to determine the value to each individual plaintiff, *see Amundson & Assocs. Art Studio, Ltd. v. National Council on Compensation Ins., Inc.,* 977 F.Supp. 1116, 1126 (D.Kan.1997), because on plaintiff's own analysis the full amount of the research, rather than some fraction of it, must be funded to benefit any single member of the contemplated class. Indeed, plaintiff demands that the full amount of research be undertaken regardless of the number of members of the class because each and every member is entitled, in plaintiff's view, to the protection against Rezulin's hazards that only fully funded future research can hope to achieve.

For the foregoing reasons, plaintiff's motion to remand this case to state court is denied.

SO ORDERED.