**Ivan DIMICH, individually and on behalf of others similarly situated, Plaintiff,**

v.

**MED–PRO, INC., Albers Medical Distributors, Inc., H.D. Smith Wholesale Drug Company, and Rite Aid Corporation, Defendants.**

**No. 03 Civ. 6659(LLS).**

United States District Court, S.D. New York.

Jan. 16, 2004.

---

Beldock Levine & Hoffman, New York City (Robert L. Herbst, of counsel), for plaintiff.

Gibbons, Del Deo, Dolan, Griffinger & Vecchione, New York City (James M. Lee, of counsel), for H.D. Smith Wholesale Drug Co., defendant.

Sedgwick, Detert, Moran & Arnold, New York City (James T. Conlon, of counsel), Polsinelli Shalton & Welter, Kansas City, MO (Cathy J. Dean, Jennifer J. Chapin, of counsel), for Albers Medical Distributors, Inc., defendant.

## Opinion and Order

STANTON, District Judge.

Defendants removed this action from the Supreme Court of New York to the United States District Court for the Southern District of New York, asserting that the complaint met the jurisdictional requirements of diversity of citizenship and an amount in controversy exceeding $75,000 set forth in 28 U.S.C. § 1332.

Plaintiff now moves to remand this action pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, his motion is granted.

### Discussion

Plaintiff claims that defendants sold counterfeit Lipitor tablets to him and to other members of a putative nationwide class. The complaint, which alleges only state causes of action, seeks both monetary damages and equitable relief on behalf of the class in the form of a medical monitoring program ("MMP"), including medical registry and research elements, to be

funded by defendants. Plaintiff, seeking remand, argues that there is no federal jurisdiction because his monetary damages are insignificant and the amount in controversy does not exceed $75,000.

In a removed action, "[the] party invoking [federal] jurisdiction . . . has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1421 (2nd Cir.1997) (quoting *United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2nd Cir.1994)) (internal quotations omitted) (bracketed material in *Gilman* ). The defendant "must justify [its] allegations that [the plaintiff's] complaint asserts claims exceeding [$75,000] by a preponderance of evidence." *Id.* (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)) (internal quotations omitted).

"The liberal standard for jurisdictional pleading is not a license for conjecture." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1268 (11th Cir.2000). "Out of respect for the independence of state courts, and in order to control the federal docket, 'federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045–46 (2nd Cir.1991) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

■ "A claim for medical monitoring and research is injunctive in nature." *Katz v. Warner–Lambert Co.*, 9 F.Supp.2d 363, 364 (S.D.N.Y.1998). "Where injunctive relief is requested, the amount in controversy is measured by 'the value of the object of the litigation.'" *Id.* (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). While no doubt the MMP envisioned by the plaintiff would cost the defendants over $75,000, the prevailing method of calculating value in this Circuit is the "plaintiff's viewpoint" approach, where one calculates the value to the plaintiff, not the cost to the defendant. See *id.;* also *Kheel v. Port of New York Authority*, 457 F.2d 46, 49 (2nd Cir. 1972).

■ Claims may only be aggregated "when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest." *Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). "When an injunction protects rights that are separate and distinct among the plaintiffs, the value of the injunction to the plaintiffs may not be aggregated to sustain diversity jurisdiction." *Jackson v. Purdue Pharma Co.*, 2003 WL 21356783, at *4 (M.D.Fl. April 11, 2003) (quoting *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1271 (11th Cir.2000)). Each plaintiff has used the counterfeit Lipitor for differing periods of time, and will have a different need, if any, for medical monitoring and treatment. Their interests in the proposed MMP cannot be aggregated, because they are several, not joint as in the paradigm cases of "a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy." See *Gilman*, 104 F.3d at 1423 (quoting *Bishop v. General Motors Corp.*, 925 F.Supp. 294, 298 (D.N.J.1996)). Thus, to establish federal jurisdiction defendants must show that Mr. Dimich's interest in the MMP would exceed $75,000.

■ Benefits from an injunction must not be "too speculative and immeasurable." *Morrison*, 228 F.3d at 1268–69 (quoting *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 221–22 (11th Cir.1997)). Here, any benefit that Mr. Dimich might receive from the MMP is

entirely speculative. There is no evidence that Mr. Dimich, as an individual putative class member, has suffered, or is likely to suffer, any actual harm. As in *Jackson,* "some may require little or no monitoring and treatment, while others may require a great deal." 2003 WL 21356783, at *4. It is simply impossible to know which, if any, putative class members will tangibly benefit from the program. See *Morrison,* 228 F.3d at 1269. Thus defendants cannot meet their burden under *Gilman* of proving by a preponderance of the evidence that the actual benefit to Mr. Dimich will exceed $75,000.

The argument that each class member's claim involves $75,000, because unless the MMP is established none of them will have the individual benefit of it, is unpersuasive. It is the burden of the party seeking removal to show that there is a measurable benefit to the particular plaintiff, who in fact might not use the MMP at all.

Under similar circumstances, two courts in this district have reached a different conclusion and denied remand. *See In re Rezulin Products Liability Litigation,* 168 F.Supp.2d 136 (S.D.N.Y.2001); *Katz v. Warner–Lambert Co.,* 9 F.Supp.2d 363, 364 (S.D.N.Y.1998). However, upon this examination of the speculative nature of Mr. Dimich's claim of damages, the resulting remand comports with the principles governing the removal statute, including the resolution of any doubts against removability, set forth in *Somlyo* and the other authorities above.

### Conclusion

Accordingly, plaintiff's motion to remand is granted. The Clerk will remand the action to the Supreme Court of the State of New York, New York County.

So ordered.