**Tamilyn SIMARD and Heather Ward, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**LACRIMEDICS INC., a Washington corporation; M. Robert Herrick Inc., a California corporation; Herrick Family Limited Partnership, a Washington partnership, Defendants.**

**No. CV–03–1864–PHX–ROS.**

United States District Court,
D. Arizona.

Aug. 12, 2004.

David A Wenner, Snyder & Wenner PC, Phoenix, AZ, for Plaintiffs.

Denise J. Henslee, John Anthony Klecan, Renaud Cook & Drury PA, Phoenix, AZ, for Defendants.

## ORDER

SILVER, District Judge.

Plaintiffs Tamilyn Simard and Heather Ward move to remand this action to the Maricopa County Superior Court, which was removed by Defendants ( "Lacrimedics"). For the reasons set forth below the Court will grant the Plaintiff's Motion for Remand.

## I. BACKGROUND

Plaintiffs filed this action in state court as a class action[1] against Lacrimedics, alleging only state tort claims for negligence, strict products liability, and negligent misrepresentation. [Doc. # 1 (Class Action Compl.), Ex. A, pp. 5–6]. Plaintiffs allege each was medically treated, along with a possible class of hundreds, with a Herrick Lacrimal Plug, a device manufactured by Lacrimedics that is implanted into the tear duct canal to treat "dry eye." [*Id.*]. On behalf of the class, Plaintiffs allege each class member developed complications from the implant, caused by defective design of the plug. [*Id.*]

In the Complaint, Plaintiffs requested relief of less than $75,000.00, and expressly disclaimed any individual claim of damages greater than $75,000.00. [*Id.*]; [Doc. # 5 (Pl.'s Mot. to Remand), p. 2]. The jurisdictional amount for diversity cases is $75,000.00. 28 U.S.C. § 1332. Plaintiffs request, as partial relief, medical monitoring and notification for the class, which would necessitate the establishment of two trust funds in order to facilitate such monitoring and notification (collectively the "Fund"). Lacrimedics and Plaintiffs agree that the two funds individually, the medical monitoring fund and notice fund, would each exceed $75,000.00. [Doc. # 8 (Supp. to Resp. to Pl.s' Mot. for Remand), p. 2].

On September 23, 2003, Lacrimedics timely petitioned the Maricopa County Superior Court to remove plaintiffs' claim alleging diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, and that the Fund meets the jurisdictional amount in controversy.

On October 8, 2003, Plaintiffs timely moved for remand. [Doc. # 5]. Plaintiffs contend the Fund does not meet the juris-

---

1. Although this case has not been certified as a class action, the Court will assume that it will be certified solely for the purpose of determining jurisdiction. *See City of Inglewood v. City of Los Angeles,* 451 F.2d 948, 951 (9th Cir.1971).

dictional amount in controversy because consideration of the value of the Fund would be an improper aggregation of Plaintiffs' individual claims. Additionally, Plaintiffs aver that removal is improper because the Plaintiffs have explicitly disavowed claims for damages greater than $75,000.00.

Defendants filed their Response on October 27, 2003 (Doc. # 6), to which Plaintiffs filed a Reply on November 5, 2003 (Doc. # 7). On December 10, 2003, Defendants filed a Supplement to their Response. [Doc. # 8].

## II. DISCUSSION

### A. Removal

■ Title 28 U.S.C. § 1441(a) allows for removal only if the federal court has jurisdiction over the suit as originally brought by the plaintiff. A strong presumption exists against removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The defendant bears the burden of establishing federal subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988). Diversity jurisdiction is proper under 28 U.S.C. § 1332 when parties are citizens of different states and the amount in controversy exceeds $75,000.00. Here, Plaintiffs and Defendants are diverse. [Doc. # 1 (Notice of Removal), p. 2]. The sole issue before the Court in deciding Plaintiffs' Motion for Remand is whether the amount in controversy exceeds $75,000.00.

### B. Amount in controversy, the jurisdictional amount

■ The general rule for diversity actions with multiple plaintiffs is that at least one named plaintiff's claim in a class action suit must be greater than the jurisdictional amount in order to allow for supplemental jurisdiction under 28 U.S.C. § 1367. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 943–45 (9th Cir.2001). Here, the named Plaintiffs have claimed relief of less than $75,000.00 and they explicitly disavow any claim of damages greater than $75,000.00, evidently to avoid diversity jurisdiction.[2] *See also St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (plaintiff may avoid removal by suing for less than the jurisdictional amount).

#### 1. Individually, Plaintiffs do not meet the amount in controversy.

■■ In the Ninth Circuit, if one of the named Plaintiffs meets the jurisdictional minimum, removal of the entire class would be proper based upon supplemental jurisdiction. *Gibson,* 261 F.3d at 943–45; 28 U.S.C. § 1367. Plaintiffs' attempt to avoid the amount in controversy by disavowing damages over $75,000.00 is not conclusive, because a plaintiffs's monetary legal damages may be added to the value of equitable relief attributable to that plaintiff, and the combined relief may then surpass the jurisdictional amount. *Holcombe v. Smith Kline Beecham Corp.,* 272 F.Supp.2d 792, 798–99 (E.D.Wis.2003)[3];

---

2. Plaintiffs allege: "Neither of plaintiffs' claims is $75,000.00 or greater. Plaintiffs specifically disclaim any attempt to individually claim damages of $75,000.00 or more." [Doc. # 1 (Class Action Compl.), Ex. A, pp. 5–6].

3. Lacrimedics cite *Holcombe,* 272 F.Supp.2d at 798–99, as support for removal based on aggregation of claims (discussed in II.B.2 be-

low). However, the *Holcombe* court did not rely on aggregation. The court removed the class action based on supplemental jurisdiction of the class after it was found that the court *had* jurisdiction over the claim of at least one plaintiff. *Id.* Here, the Court cannot base removal on supplemental jurisdiction because the Defendant has not proved a Plaintiff has reached the jurisdictional minimum.

*see also Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (holding that injunctive relief states a claim traditionally cognizable in equity); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 559, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (holding that monetary "compensatory damages—is traditionally legal relief").

■ Lacrimedics has not submitted affidavits or other admissible evidence sufficient for the Court to accurately value the Plaintiffs' individual claims for monetary damages and/or equitable relief. Affidavits and claims in this case place damages in a range greater than $50,000.00 but less than $75,000.00 for each Plaintiff. [Doc. # 1 (Notice of Removal), Ex. A, and B, p. 2]. Additionally, affidavits allege the value of the Fund is greater than $150,000.00. [Doc. # 8 (Def.Sup.Response) Ex. A]. But an alleged potential class of hundreds means the pro-rata value of the injunctive relief would be something less than $750.00 per plaintiff (if the Court assumes a minimum of 200 members based on a "class of hundreds"). [Doc. # 1 (Notice of Removal), Ex. B, p. 4].

The Court will not speculate as to likely damages, the size of the class (other than assuming it is greater than 200 members), or the pro-rata value of the injunction to the unknown number of Plaintiffs, because Lacrimedics bears the burden of establishing the amount in controversy and has not submitted the necessary support. *See Haisch v. Allstate Ins. Co.,* 942 F.Supp. 1245 (D.Ariz.1996) (in which the Court held that it would not speculate as to the value of relief to calculate the amount in controversy if the moving party presented insufficient affidavits to value the claim). Thus, the entire class may not be removed under supplemental jurisdiction, because Lacrimedics has not shown that a single Plaintiff meets the amount in controversy.

## 2. Aggregation of Plaintiffs' interests in Fund.

Lacrimedics argues that the total or aggregated value of the Fund may be considered in determining the amount in controversy. Lacrimedics relies on *Snyder v. Harris,* 394 U.S. 332, 335–42, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), which holds that aggregation is permitted for class actions only when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." Lacrimedics contends the Plaintiffs have a common undivided interest in the Fund, and thus the pro rata amount of each class member's claim may be aggregated to meet the amount in controversy.

In *Snyder,* the Supreme Court decided when aggregation of plaintiffs' claims in a class action is permitted to reach the jurisdictional amount. The Court relied on the standard set forth in *Troy Bank v. G.A. Whitehead & Co.,* 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911) to determine whether claims may be aggregated. *Troy Bank* provides:

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title of right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

*Id.* Thus, *Snyder* allows aggregation when plaintiffs join together in suit out of necessity because they have one right to enforce, but does not allow aggregation in class actions when plaintiffs with separate and distinct rights are allowed to join similar claims for judicial economy. *Snyder,* 394 U.S. at 334–35, 89 S.Ct. 1053. Accordingly, Lacrimedics must demonstrate that

this class of plaintiffs has a common undivided interest, or singular right to enforce.

### (a) Plaintiffs do not have claims in a common and undivided interest.

The attributes and characteristics that make a group of plaintiffs' claims "common," allowing plaintiffs to join a class action for a state's judicial convenience and economy, must not be confused with those attributes and characteristics that allow a group of plaintiffs to aggregate their common and undivided interest or singular right for the purposes of diversity jurisdiction under the rule set forth in *Snyder* and *Troy Bank. See also Haisch v. Allstate Ins. Co.*, 942 F.Supp. 1245 (holding if each class member could sue individually for the relief requested, then their joinder into a class does not make the claims common and indivisible).

■ While the legal meaning of the term "common" may be elusive, in this case there is no indivisible interest in relief because each Plaintiff acted in her own personal interest to cure her "dry eye" by having the device implanted. For purposes of the claims raised in the Complaint, each plaintiff has an individual relationship with Lacrimedics and an independently enforceable right against Lacrimedics. *See also Potrero Hill Cmty. Action Comm. v. Housing Auth. of City & County of San Francisco*, 410 F.2d 974, 978 (9th Cir.1969) (holding that there is no common interest where each resident held his own lease which prescribed duties, rights and obligations that existed only between the tenant and lessor). Here, it is clear that each Plaintiff has an individual claim to enforce against Lacrimedics.[4]

■ Lacrimedics's use of the term "common fund" is confusing because Lacrimedics's use is descriptive and carries no legal significance. The existence of a "common fund" does not make the plaintiffs' claims to such a fund "common claims". *See also Gibson*, 261 F.3d at 945 (holding that an argument for aggregation "mistakes the nature of the common fund, which is an artifact of litigation, not an intrinsic characteristic of the claims."). It is more accurate to say the plaintiffs have a "similar" claim. The Plaintiffs' similar interest is in the similar wrong they claim to have suffered from Lacrimedics, and not in any single res or singular right against Lacrimedics held jointly. *See also Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1426–31 (2d Cir.1997) (holding that claims that can be brought independently are separate claims, and they are not claims with a "common undivided interest"). Here, because each Plaintiff enforces her individual right, under *Potrero Hill Community* and *Gibson*, the class claim cannot be construed as a common and undivided interest in the Fund.

### (b) This is not a "paradigmatic case" of a common interest in a single res.

■ Lacrimedics also describes the Plaintiffs' common interest in the Fund as "paradigmatic case" of an undivided and common interest. *In re Ford Motor Co.*, 264 F.3d 952, 959 (9th Cir.2001) describes a "paradigmatic" case as one that involves a "single indivisible res, such as an estate, a piece of property, or an insurance policy" that can not be adjudicated without implicating the rights of everyone involved. The first necessary element of a "paradigmatic case" is a single indivisible res, the

---

**4.** It becomes especially clear that these are separate and individual claims when the Court drops the presumption that this is already a class action The Court notes presently these are legally separate but similar claims, and the Plaintiffs are petitioning the court to join them into a class action.

object of controversy. *Id.* The second element is that the plaintiffs' claims are inseparable. *Id.* In other words, a case is not paradigmatic when: 1) plaintiffs shared no common interest in the object of controversy, before litigation and 2) each plaintiff would be entitled to bring each claim separately because they have an individually enforceable right. *Id.*

In *In re Ford Motor Co.*, the plaintiffs sought reinstatement of a rebate program the defendants had cancelled and each plaintiff's claim was limited to $3,500.00, which fell well below the jurisdictional minimum. Each plaintiff was an individual credit cardholder with a separate account. If plaintiffs prevailed in the litigation, the rebate program would have been re-established and administered on behalf of the class. The defendants characterized the plaintiffs' interest in reinstating the rebate as a "common" interest in a single indivisible res, the rebate program. *Id.* The court disagreed and held that there was no common claim to a single res, because the plaintiffs had no common interest or right to accruing rebates under the program. *Id.* The court concluded that it was clear that their interest was to earn rebates individually for personal use, and not as a group. *Id.*

Similarly, Lacrimedics' attempt to define Plaintiffs' claim as "paradigmatic" fails, because Plaintiffs have no common interest. Like *In re Ford Motor Co.*, where plaintiffs had no common interest in accruing the same rebate, here the Plaintiffs had no common interest in implanting the lacrimal plug. Each Plaintiff's interest in implanting the plug was personal just as her interest in securing medical monitoring now is personal.

Further, this is a "paradigmatic case" only if the object of litigation is a single res. *Id.* It is an important characteristic of a single res that both the plaintiffs' interests in the object and the object existed before litigation. *See Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 545–46 (9th Cir. 1985) (permitting a class of shareholders to aggregate their claims because they had a common interest in the assets of a corporation before trial); *Gilman*, 104 F.3d at 1427 (finding a fund "created to facilitate the litigation process in virtually every class action" is not a common fund, "and has nothing necessarily to do with whether plaintiffs shared a [pre-litigation] interest in the subject of controversy"). In contrast to *Eagle*, where the shareholders' interest in the assets of a corporation pre-existed litigation and the assets themselves pre-existed litigation, here, the Plaintiffs' interest in the Fund did not pre-exist litigation because the Fund did not pre-exist litigation. Further, the Fund will only be established if the Plaintiffs litigation is successful.

### 3. Plaintiff's claims are used to determine the amount in controversy, not the nature of relief.

Lacrimedics has supported their argument for removal with three United States District Court decisions allowing aggregation with three cases not decided in the Ninth Circuit, *In re Diet Drugs Prods. Liabil, Litig.*, 1999 WL 673066, at 4, 1999 U.S. Dist.Lexis 13228, at 13 (E.D.Pa. Aug. 26, 1999), *In re Rezulin Prods., Liabil, Litig.*, 168 F.Supp.2d 136, 152 (S.D.N.Y. 2001) and *Katz v. Warner–Lambert Co.*, 9 F.Supp.2d 363 (S.D.N.Y.1998). [Doc. # 6 (Response to Pl.s' Mot. for Remand), p. 2]. In each case, the court relied on rationale focusing on the nature of the relief requested. That rationale does not apply in the Ninth Circuit.

After *Snow v. Ford Motor Co.*, 561 F.2d 787, 789–90 (9th Cir.1977), when a party claims diversity jurisdiction in class action cases, the Ninth Circuit has rejected any attempt to calculate the amount in contro-

versy based on the nature of the relief requested. Rather, the Ninth Circuit looks to the nature of the plaintiffs' claims to determine whether to aggregate claims, as this Court noted in *Haisch v. Allstate Insurance Co.*, 942 F.Supp. at 1250. *See also Gibson*, 261 F.3d at 943–45(holding the individual nature of plaintiffs' claims for punitive damages is determinative); *In re Ford Motor Co.*, 264 F.3d at 961 (focusing on the individual nature of the claim, and rejecting the either viewpoint rule); *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 858–61(9th Cir.2001) (same); *Snow v. Ford Motor Co.*, 561 F.2d at 789–90 (holding "the proper focus is not influenced by the type of relief requested, but rather...the nature and value of the right asserted"); *Haisch v. Allstate Ins. Co.*, 942 F.Supp. at 1250 (where the court noted the Ninth Circuit looks to individual right and interest in the claim and not any group status).

In *Snow*, the defendants faced a possible injunction that they argued met the amount in controversy from their viewpoint, however, each plaintiff's claim only amounted to approximately $11. *Snow*, 561 F.2d at 788–90. The defendants requested that the court use the "either viewpoint" rule to determine the amount in controversy. The "either viewpoint" rule would have allowed the court to focus on the cost of equitable relief or "total detriment" from the perspective of the defendant to determine the amount of controversy. *Id.*

Although the either viewpoint rule had previously been used in multiple plaintiff cases, the *Snow* court found that in *Snyder*, the Supreme Court had overruled the "either viewpoint" rule as applied to class actions. *Id.* at 789. Applying *Snyder*, the *Snow* court held that aggregation of equitable relief is improper when each claim could be brought separately, because " 'total detriment' is basically the same thing

as aggregation." *Id.* at 789–91. The court concluded that the defendants' argument missed the mark, because "[g]iven *Snyder*, the proper focus in this case is not influenced by the type of relief requested, but rather continues to depend upon the nature and value of the right asserted." Thus, Lacrimedics' focus on the "common" nature of the fund also misses the mark because the Plaintiffs' claims could be brought separately in state court.

Lacrimedics cite to *In re Rezulin*, 168 F.Supp.2d 136, which used the aggregate cost for administration and establishment of a common fund to meet the jurisdictional minimum. *Id.* In that case, the defendant submitted evidence that their cost of administration of the medical monitoring fund would exceed the jurisdictional amount and the cost would be the same even if there was one plaintiff. *Id.* The court attributed the entire cost to one plaintiff and held that the administrative cost alone met the jurisdictional minimum. *Id.*

Like the defendant in *In re Rezulin*, the defendants in *In re Ford Motor Co.* also asserted that the cost of administering an injunction met the jurisdictional minimum, because the entire cost would be incurred even if there were only one plaintiff. *In re Ford Motor Co.*, 264 F.3d at 960–61. Significantly, the Ninth Circuit in *In re Ford Motor Co.* relied upon *Snow* to determine the pro rata value of relief from the injunction to an individual plaintiff and rejected the defendant's reasoning because, "it is fundamentally violative of the principle underlying the jurisdictional amount requirement" and "it would be an invitation to file state nuisance suits in federal court." *Id.* at 961; *Snyder*, 394 U.S. at 338–42, 89 S.Ct. 1053; *See also Kanter*, 265 F.3d at 858–50 (rejecting the argument that the injunction would cost the same if there were one plaintiff, so that cost should be

attributed exclusively to one plaintiff); *Snow,* 561 F.2d at 788–90 (same).

Additionally, Lacrimedics cites to *In re Diet Drugs,* 1999 U.S. Dist.Lexis 13228, 1999 WL 673066 and *Katz v. Warner–Lambert Co.,* 9 F.Supp.2d 363 to support their argument. However, both are inapplicable because they analyze the indivisible nature of the class's medical research fund, which would be established after litigation, in order to permit aggregation of the claims. Significantly, those courts allowed aggregation by focusing on the nature of the relief, an approach the Ninth Circuit has rejected as discussed above.

Lacrimedics's citations to the *In re Diet Drugs, In re Rezulin* and *Katz* are not persuasive, because those cases relied on the analysis of the relief sought, which is an analysis the Ninth Circuit has rejected.

#### 4. Policy precludes removal.

■ Removing claims after a state court has aggregated them for judicial economy is "fundamentally violative of the principle underlying the jurisdictional amount requirement, to keep small diversity suits out of federal court." *In re Ford Motor Co.,* 264 F.3d at 961. Further, if Lacrimedics's argument were accepted and the Fund "were permitted to count as the amount in controversy, then every case [including a common fund], however trivial, against a large company would cross the threshold." *Id.* quoting *In Re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599 (7th Cir.1997). The purpose of the jurisdictional amount in controversy would then be contravened. *Id., Snyder,* 394 U.S. at 338–42, 89 S.Ct. 1053. The Court will not open a "back door to the federal courthouse" for plaintiffs or defendants who argue that a "common fund" exists. *Shelly v. Southern Bell Tel. & Tel. Co., Inc.,* 873 F.Supp. 613, 616–617 (M.D.Ala.1995).

### III. CONCLUSION

Each Plaintiff has an individual claim she could have brought separately in state court. Thus, the Fund requested by the plaintiffs may not be aggregated for purposes of the amount in controversy. Additionally, Lacrimedics has not demonstrated that at least one named Plaintiff's claims is greater than the jurisdictional amount, which would have allowed for removal of the class action based on supplemental jurisdiction under 28 U.S.C. § 1367. Thus, the Court lacks jurisdiction over this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Remand (Doc. # 5) is **GRANTED.**

**IT IS FURTHER ORDERED REMANDING** this case to Maricopa County Superior Court.